# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1402

**LINDA MOORE, ET AL.**

**VERSUS**

**ACADIAN AMBULANCE AIR
MED, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, 2003-4359
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Jimmie C. Peters, Marc T. Amy, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED AS AMENDED.**

Amy, J., dissents and assigns written reasons.

**Todd M. Ammons**
**P.O. Box 2900**
**Lake Charles, LA 70602**
**Counsel for Defendant-Appellant:**
    **Acadian Ambulance**

**Thomas Gayle**
**P.O. Box 1890**
**Lake Charles, LA 70602-1890**
**Counsel for Plaintiffs-Appellees:**
    **Linda Moore, et al.**

**PAINTER, Judge.**

Defendant, Acadian Ambulance Service, Inc. (Acadian), appeals the trial court's grant of a judgment notwithstanding the verdict (JNOV) in favor of Plaintiffs, Linda and Harold Moore, finding Acadian to be thirty-three percent at fault. For the following reasons, we affirm the trial court's grant of the JNOV in favor of Plaintiffs but amend the judgment to reflect that Acadian's percentage of fault is fifteen percent (15%).

## FACTUAL AND PROCEDURAL BACKGROUND

On September 18, 2002, Linda Moore (a resident of Texas) was a patron at the Isle of Capri Casino in Lake Charles, Louisiana, when she began feeling light-headed and having trouble breathing. Casino personnel called for an ambulance. An Acadian ambulance driven by Brandon Perkins responded to the scene. En route from the casino to St. Patrick Hospital, while traveling up the Interstate 10 bridge, the vehicle immediately in front of the Acadian ambulance swerved into the other lane to avoid hitting a stalled vehicle, which had been operated by Russell Farris. Acadian's driver attempted to stop the ambulance before hitting the stalled vehicle; however, the attempt was unsuccessful, and the ambulance collided with the stalled vehicle. This collision appears to have been relatively minor, but, seconds later, the ambulance was struck from behind by a truck driven by John Paiz. As a result of this impact, the Paiz vehicle was considered to be a total loss. Linda suffered a ruptured disc in her back and ultimately underwent a successful disc fusion with stabilization. Linda's husband, Harold, and her mother-in-law were following the ambulance in their own vehicle and witnessed both collisions.

The Moores filed suit against Acadian and Perkins, the ambulance driver; Paiz and his insurer; and Farris and his insurer. The claims against Paiz and Farris were

1

resolved prior to trial, and this matter proceed to trial by jury against Acadian and Perkins. The jury found that Acadian was not at fault in causing the accident at issue. Plaintiffs then filed a motion for JNOV, which was granted by the trial court. The trial court apportioned thirty-three percent (33%) of the fault to Acadian (through its vicarious liability for Perkins, whom the trial court found to be in the course and scope of his employment at the time of the accident) and awarded total damages in the amount of $474,000.00. Judgment in the amount of $158,000.00 was rendered against Acadian . Acadian now appeals, asserting that the trial court erred as a matter of law in granting the JNOV. Plaintiffs have answered the appeal, seeking an increase in the damage award fixed by the trial court and an award for loss of consortium to Harold Moore.

## DISCUSSION

The use of the JNOV is provided for in La.Code Civ.P. art. 1811. That article, however, does not provide any instruction as to when or on what grounds such a motion should be granted. *Sturlese v. Six Chuter, Inc.*, 01-1634 (La.App. 3 Cir. 6/26/02), 822 So.2d 173, *writ denied*, 02-2385 (La. 11/22/02), 829 So.2d 1049. However, the Louisiana Supreme Court has consistently phrased the relevant inquiry as:

> [D]o the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict? If the answer to that question is in the affirmative, then the trial judge was correct in granting the motion. If, however, reasonable men in the exercise of impartial judgment might reach a different conclusion, then it was error to grant the motion and the jury verdict should be reinstated.

*Anderson v. New Orleans Public Service, Inc.*, 583 So.2d 829, 832 (La.1991).

2

In *Domingue v. Excalibar Minerals of La., L.L.C.*, 05-1018, p. 4 (La.App. 3 Cir. 7/26/06), 936 So.2d 282, 286, *writs denied*, 06-2480, 06-2489 (La. 2/2/07), 948 So.2d 1077, 1078, this court recently noted:

> The standard of review for a JNOV on appeal is a two-part inquiry: first, the appellate court must determine if the trial court erred in granting the JNOV, which is done by using the same criteria used by the trial judge in deciding whether to grant the motion. Second, after determining that the trial court correctly applied its standard of review as to the jury verdict, the appellate court reviews the JNOV using the manifest error standard of review. *Martin v. Heritage Manor South Nursing Home*, 00-1023 (La. 4/3/01), 784 So.2d 627.

Thus, we must first determine whether the trial court erred in granting the JNOV, and our initial inquiry must be whether the facts and inferences point so strongly in favor of a finding that Perkins was negligent that no reasonable juror could have reached a different verdict on the issue. After a thorough review of the record, we are convinced that the trial court correctly granted the JNOV as to the issue of liability.

In the present case, the jury heard Perkins' testimony that while he was attempting to comply with the "four-second rule,"[1] it was not possible immediately before the accident because people were "cutting in front" of him. Perkins also testified that he "locked up" his brakes in an attempt to avoid hitting the stalled vehicle. Piaz's testimony was that he was attempting to change lanes, into the same lane as the ambulance, and did not observe any brake lights on the ambulance. He completed the lane change as the ambulance struck the stalled vehicle. He then struck the ambulance. This evidence overwhelming points to the conclusion that Perkins was following too closely. As such, we agree with the trial court that, based on the evidence presented, no reasonable trier of fact could have concluded that Perkins was not at fault in this case.

---

[1]Acadian company policy provided that the ambulance was supposed to be at least four seconds behind any vehicle in front of it.

Having determined that the trial court was correct in granting the JNOV, we now review the JNOV under the manifest error standard of review. Here, we find that the trial court's allocation of thirty-three percent (33%) of the fault to Perkins was manifestly erroneous. In *Domingue*, 936 So.2d at 288, this court noted:

> In reviewing the fact finder's allocation of fault, we are guided by the following standard of review:
>
> > The applicable standard of review regarding the factual consideration of respective degrees of fault is the manifest error or clearly wrong standard. *Clement v. Frey*, 95-1119, 95-1163 (La.1/16/96), 666 So.2d 607. This well-known standard prohibits an appellate court from altering a fact finder's determinations, unless those determinations and findings have been found to be clearly wrong upon review of the trial court record. While applying this standard, great deference must be given to the fact finder's results; however, the appellate court is required to simultaneously remain mindful of its constitutional duty to review the facts. La. Const. art. 5, §§ 5(C), 10(B); *Clement*, 666 So.2d 607; *Ambrose v. New Orleans Police Dept. Ambulance Serv.*, 93-3099, 93-3110, 93-3112 (La.7/5/94), 639 So.2d 216. In doing so, should it be determined that the record supports a finding that the fact finder was clearly wrong or that it abused its wide discretion, this court is empowered to reallocate fault. *Clement*, 666 So.2d 607. The deference we continue to owe to the fact finder, however, restrains us in any such reallocation, in that we are allowed to adjust fault only to the extent of lowering or raising it to the highest or lowest point, respectively, which would have been reasonably within the jury's discretion. *Id*.

*Yellott v. Underwriters Ins. Co.*, 04-1342, p. 12 (La.App. 3 Cir. 8/31/05), 915 So.2d 917, 926, *writ denied*, 05-2439 (La.4/24/06), 926 So.2d 540.

In determining the percentages of fault, we, like the trial court, must consider the conduct of each party at fault as well as the extent of the causal relation between the conduct and the damages. It is well settled that the factors to be considered include: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger; (2) how great a risk was created by the conduct; (3) the significance of what was sought by the conduct; (4) the capacities of the actor,

whether superior or inferior; and (5) any extenuating circumstances that might require the actor to proceed in haste without proper thought. *Watson v. State Farm Fire and Casualty Insurance Co.*, 469 So.2d 967, 974 (La.1985).

Bearing these factors in mind, we further note that while Perkins may have been following too closely, the stalled vehicle created a hazard. Thus, while we conclude that the trial court's finding that Perkins was at fault is not clearly wrong, the highest amount of fault that a reasonable fact finder could have assessed to Perkins was fifteen percent (15%). Accordingly, we amend the trial court's judgment and assess fifteen percent (15%) of fault to Perkins.

Finally, Plaintiffs have answered the appeal seeking both an increase in the award of damages and an award of damages to Harold for his loss of consortium.

When a trial court has granted a JNOV on the issues of damages and has conducted its own independent assessment of the damages as trier of fact, that decision becomes the judgment of the trial court and we review that decision on appeal under the abuse of discretion standard as set forth in *Coco v. Winston Industries, Inc.*, 341 So.2d 332 (La.1976).

> The appellate court's first inquiry should be "whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the 'much discretion' of the trier of fact." *Youn* [*v. Maritime Overseas Corp.*, 623 So.2d 1257, 1260 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994)]. "It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." *Youn*, 623 So.2d at 1261.

*Adams v. Parish of East Baton Rouge*, 00-424, p. 26 (La.App. 1 Cir. 11/14/01), 804 So.2d 679, 699, *writ denied*, 02-448 (La. 4/19/02), 813 So.2d 1090.

The trial judge did not indicate specific amounts for medical bills, general damages, or loss of consortium but simply made a total damage award of $474,000.00

to Linda and Harold. Based on our review of the evidence contained in the record, we find no abuse of discretion by the trial court in this award. Linda immediately began experiencing back pain. She underwent physical therapy and a number of epidural steroid injections. She ultimately underwent a lumbar fusion, which surgery was required to be performed over two days. The surgery was, however, successful and has relieved Linda of her symptoms. Her medical bills exceeded $224,000.00. Given the "particular injuries and their effects under the particular circumstances" on Linda and Harold, the trial court's damage awards are neither below nor beyond that which a reasonable trier of fact could assess. Therefore, we decline to either increase the award to Linda or to give a separate award to Harold for his loss of consortium as we find this amount to be included in the total award. However, based on our reallocation of fault, the damages awarded will be reduced by eight-five percent (85%) such that Acadian will be cast in judgment for $71,100.00, together with legal interest from the date of judicial demand.

## DECREE

For all of the foregoing reasons, we affirm the trial court's grant of the JNOV in favor of Plaintiffs and its award of $474,000.00 in total damages. However, we amend the trial court's judgment to allocate fifteen percent (15%) of the fault to Acadian. Acadian, therefore, will be cast in judgment for $71,100.00, together with legal interest from the date of judicial demand, and all costs of this proceeding. Costs of this appeal are assessed to Acadian.

**AFFIRMED AS AMENDED.**

6

07-1402

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA


LINDA MOORE, ET AL.

VERSUS

ACADIAN AMBULANCE AIR MED., ET AL.

AMY, J., dissenting.

As pointed out by the majority, the evidence may have indicated that the ambulance driver breached the standard of care and was at fault in the first accident. However, the jury answered in the negative to a question asking whether the ambulance driver breached the standard of care *and* whether that breach was a "proximate cause of injury to Linda Moore." I find that the record supports a view that the ambulance driver's breach of care in driving too closely to the first vehicle was not a "proximate cause" of the subsequent accident, rendering the JNOV inappropriate.

Testimony indicated that the driver of the second vehicle, Mr. Piaz, moved behind the ambulance in order to pass *left lane traffic* while traveling at interstate speeds. The jury also could have considered the testimony of the plaintiff's husband, who witnesses both collisions, regarding the length of time between the first and second collisions. Even if jurors did not find that ten seconds lapsed between these events, as he testified, they could have found there was a sufficiently distinct lapse of time to have permitted Mr. Piaz to have avoided the accident but for his own inattention. In light of these circumstances, I find that the jury could have reasonably concluded that the ambulance driver was not at fault in the subsequent accident.

I respectfully dissent.